Argued April 16, affirmed June 26, 1928.

## ROSE AITKENHEAD *v.* ANNA L. HOLMES.

(268 Pac. 765.)

For appellant there was a brief over the names of *Mr. Allen H. McCurtain* and *Mr. Donald E. Long,* with an oral argument by *Mr. George W. Gearhart.*

For respondent there was a brief over the name of *Messrs. Davis & Harris,* with an oral argument by *Mr. Paul R. Harris.*

BEAN, J.—At the appropriate times defendant filed a motion for a nonsuit, a motion for a directed verdict and a motion to set aside the verdict and judgment, on the ground that there was no testimony to support the same. These motions all raise the same question.

At the time of the trial defendant was a widow of the age of sixty-three years. Plaintiff was fifty

years of age, and Alexander Aitkenhead, her former husband from whom she was then divorced, was of the age of forty-six years. Plaintiff and Aitkenhead were married February 11, 1918, and were divorced May 12, 1926. This action was filed October 27, 1926. The trial was had in March, 1927.

The complaint alleges, in substance, that beginning with the year 1922, the defendant wrongfully and unlawfully contrived with the intention of injuring the plaintiff and depriving her of the comfort, society, aid, support and assistance of her husband Alexander Aitkenhead, and by all the arts and means within her power defendant sought to win the love and affection of plaintiff's husband by displaying great love and affection toward him, and by frequently fondling and kissing said Aitkenhead, by promising him money, and by frequently visiting and by being with him at his home and in accompanying him to various places; and as a result of said acts, arts, influences and solicitations. of defendant, she acquired for herself the love and affections of plaintiff's husband.

That at all times prior thereto the plaintiff and her husband had lived happily and contented together; that the conduct of the defendant caused plaintiff's husband to become completely estranged from plaintiff and to secure a divorce from plaintiff in June, 1926.

The answer contains the denial of the material allegations of the compaint, to a portion of which we have referred. The testimony in the case tended strongly to support the allegations of the complaint and to show that the acts of the defendant were committed maliciously and from improper motives, and with the desire and intent to alienate the affections of plain-

·tiff's husband from her, and that such acts were the controlling cause which produced an estrangement between her and her husband: *Hugh* v. *Holman,* 110 Or. 415, 429 (223 Pac. 730, 31 A. L. R. 1108); *Pugsley* v. *Smyth,* 98 Or. 448, 467 (194 Pac. 686); *Roberts* v. *Cohen,* 104 Or. 177, 189 (206 Pac. 295).

■ Only a question of fact is presented upon this appeal. The verdict is amply supported by the testimony so as to leave little room for argument. Under these circumstances the court is not authorized to disturb the verdict.

The judgment of the Circuit Court is affirmed.

AFFIRMED.

RAND, C. J., and BROWN and BELT, JJ., concur.